MARÍN, DEMANDANTE Y APELANTE, *v.* THE ALPS DRUG COMPANY, INC., DEMANDADA Y APELADA.

APELACIÓN de la Corte de Distrito de Mayagüez en pleito sobre rescisión y cobro de dinero.

No. 2780.—Resuelto en junio 15, 1923.

COMPRAVENTA MERCANTIL—TÉRMINO PARA RECLAMAR POR DEFECTO EN CALIDAD O CANTIDAD.—Interpretando el artículo 336 del Código de Comercio, *se resolvió:* que dicho precepto no puede servir para amparar fraudes porque la ley reconoce al comprador el derecho de examinar la mercancía en el momento de recibirla y, si no lo hiciere, le concede un término posterior para examinarla y hacer su reclamación; y en cuanto a que tal precepto sólo ha de tener aplicación cuando las mercancías puedan examinarse fácilmente, bastará decir que el legislador no hizo tal distinción, por lo que la regla rige para todos los casos.

ID.—CALIDAD Y CANTIDAD DE LOS ARTÍCULOS COMPRADOS—CAUSA DE ACCIÓN.—No existe presunción alguna de que el vendedor habrá cumplido su contrato enviando la calidad y cantidad compradas. Si el comprador entabla su reclamación fuera del tiempo que le marca el artículo 336 del Código de Comercio, carece de causa de acción.

DISCRECIÓN JUDICIAL—COSTAS.—Hace buen uso de su discreción una corte que condenó en costas a un demandante que ejercitó una causa de acción que no tenía.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Benet & Souffront.*

Abogado de la apelada: *Sr. A. Arnaldo.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Manuel Marín, comerciante en Mayagüez, compró a The Alps Drug Co., Inc., por mediación de sus agentes Barletta Trading Co., 25,000 latitas con magnesia Elba, sin especificación particular con respecto a ellas en el pedido que firmó. A mediados de agosto de 1921 recibió esa mercancía sin examinarla al serle entregada y habiendo vendido parte de ella a una farmacia de Yauco le fué devuelta en 8 de octubre porque contenía cada latita diez gramos de magnesia, estando el público acostumbrado a otro tamaño. Entonces reclamó de los agentes y del vendedor y en enero de 1922 demandó a The Alps Drug Co., Inc., solicitando la rescisión del contrato y que le indemnizara daños y perjuicios, alegando que él había comprado latitas rotuladas en español y con media onza, o quince gramos, cada una, y que se le habían entregado con rótulos en inglés y con nueve gramos y medio de magnesia, que son de difícil venta en esta isla.

El tribunal inferior declaró sin lugar la demanda en todas sus partes por no haber sido hecha la reclamación dentro de los cuatro días siguientes al recibo de la mercancía, sentencia que ha sido apelada por el demandante.

La cuestión fundamental en este pleito surge de los hechos relatados en relación con varios preceptos del Código de Comercio.

Dispone el artículo 325 del Código de Comercio que será mercantil la compraventa de cosas muebles para revenderlas, bien en la misma forma que se compraron, o bien en otra diferente, con ánimo de lucrarse en la venta, por lo que

no hay duda de que el contrato que motiva este pleito es mercantil, sin tener que hacer argumentación sobre esto porque las partes no niegan este extremo.

Con respecto a tal clase de contratos dice el mismo código lo siguiente:

"Art. 336.—El comprador que, al tiempo de recibir las mercaderías, las examinare a su contento, no tendrá acción para repetir contra el vendedor, alegando vicio o defecto de cantidad o calidad en las mercaderías.

"El comprador tendrá el derecho de repetir contra el vendedor por defecto en la cantidad o calidad de las mercaderías recibidas enfardadas o embaladas, siempre que ejercite su acción dentro de los cuatro días siguientes al de su recibo, y no proceda la avería de caso fortuito, vicio propio de la cosa, o fraude.

"En estos casos, podrá el comprador optar por la rescisión del contrato o por su cumplimiento, con arreglo a lo convenido, pero siempre con la indemnización de los perjuicios que se le hubieran causado por los defectos o faltas.

"El vendedor podrá evitar esta reclamación exigiendo, en el acto de la entrega, que se haga el reconocimiento, en cuanto a cantidad y calidad, a contento del comprador."

"Art. 942.—Los términos fijados en este Código para el ejer- de las acciones procedentes de los contratos mercantiles, serán fatales, sin que contra ellos se dé restitución."

Según esos preceptos, la ley ha querido que las reclamaciones que puedan surgir en los contratos mercantiles de compraventa se susciten entre las partes dentro de un término breve a fin de facilitar la contratación y para esto declara no solamente que si el comprador, al tiempo de recibir las mercaderías las examinare a su contento no podrá repetir contra el comprador por vicio o defecto de cantidad o de calidad en ellas sino que el vendedor podrá exigir que el examen de la mercancía se haga en el acto de la entrega, a fin de evitarse reclamaciones posteriores, y fija un término corto para que el comprador pueda hacer su reclamación cuando no examine la mercancía a su recibo; y para

conseguir el legislador el fin que se propuso decretó tam
bién que los términos por él fijados para el ejercicio de las
acciones serán fatales.

Haciendo aplicación de esos preceptos al presente caso
hay que llegar a la conclusión de que por haber dejado
transcurrir el comprador más de cuatro días contados desde
el recibo de la mercancía para ejercitar su reclamación de
rescisión y de indemnización por defecto en la calidad de
la mercancía carece de acción para demandar a su vendedor.

Alega, sin embargo, el apelante que la aplicación de esos
preceptos del Código de Comercio a casos como el presente
serviría de base para amparar fraudes, y que el artículo
336 citado solamente es aplicable cuando las mercancías pue-
den probarse a la simple vista pero nunca en aquellos en
que los defectos son latentes, y mucho menos cuando el com-
prador tiene el derecho de presumir que el vendedor ha
cumplido con los términos expresados en el contrato, ci-
tando el caso de *R. R. Pesquera & Co.*, contra *Mari Herma-
nos,* 23 D. P. R. 637.

El artículo a que se refiere el apelante no puede servir
para amparar fraudes porque la ley reconoce al compra-
dor el derecho de examinar la mercancía en el momento
de recibirla y, si no lo hiciere, le concede un término pos-
terior para examinarla y hacer su reclamación; término
corto, es verdad, pero que el legislador estimó razonable te-
niendo en cuenta la rapidez de las negociaciones mercanti-
les.  En cuanto a que tal precepto sólo ha de tener aplica-
ción cuando las mercancías puedan probarse fácilmente y
nunca en otros casos, nos bastará decir que el legislador no
hizo la distinción que indica el apelante y que estableció la
regla para todos los casos, por lo que nosotros no estamos
autorizados para hacer tal distinción.  Con respecto a que
el comprador tiene el derecho de presumir que el vendedor
ha de cumplir con su contrato, parece que para el legislador
no existió tal presunción pues dispuso que el comprador

debe examinar la mercancía al recibirla o dentro de los cuatro días siguientes.

Réstanos considerar el caso que se cita por el apelante.

Nuestra opinión en el pleito de *R. R. Pesquera & Co.*, *supra,* no tiene aplicación al presente porque en él no se trataba de si la reclamación fué hecha después de los cuatro días de haber sido recibida la mercancía y por tanto el artículo 336 no fué tomado en consideración. En ese caso la sociedad Pesquera compró a Mari Hermanos cierta cantidad de miel de abejas, según muestra, que el vendedor debía embarcar para cierta casa de Nueva York, en perfecto estado de pureza y en barriles nuevos, habiendo llegado dicha miel al punto de su destino fermentada y en barriles viejos, la que tenían vendida. En vista de esos hechos el tribunal inferior desestimó la demanda entendiendo que de acuerdo con el artículo 327 del Código de Comercio el comprador, antes de recibir la mercancía debió comprobar si era de igual calidad a la muestra que se le presentó y de no ser así debió rehusarla, puesto que después de recibida y vendida a tercera persona no podía comprobarse si era igual o no y que el haber dispuesto el comprador de la miel significaba aceptación y consumación del contrato. Y nosotros declamos que no se trataba de si el comprador no puede rehusar el recibo de la miel sino de que el vendedor había faltado a su contrato y estaba obligado a indemnizar los perjuicios que causó.

Alega también el apelante que no debió ser condenado en costas por un mero tecnicismo de la ley. No existe tal tecnicismo sino un precepto claro preceptivo de que el comprador debe ejercitar su acción dentro de cierto término y habiendo demandado después de vencido molestó innecesariamente al apelado y fué bien condenado al pago de las costas.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.